IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARGARET ANN PEGGY McCARTY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:17-CV-00021-MDH |
| MARTIN J. O'MALLEY,<br>Commissioner of Social Security<br>Administration, | ) |
| Defendant. | ) |

# ORDER

Before the Court is the Application for Attorney Fees under 42 U.S.C. 406(b). (Doc. 22). Plaintiff's motion seeks $29,049 in fees, of which $14,250 represents the EAJA attorney amount already received by Plaintiff's counsel that will be refunded to Plaintiff.

The Commissioner has responded to the motion, stating if the Court awards attorney fees under 42 U.S.C. § 406(b), that it also order counsel to refund the smaller fee ($14,250) to Plaintiff. The Commissioner states it has no objection to the reasonableness of the fee requested and agrees Plaintiff's attorney should be awarded fees under § 406(b) in the amount of $29,049 for services performed on behalf of Plaintiff. (Doc. 27).

First, a lawful contingent fee arrangement exists between Plaintiff and her attorney. That contractual arrangement includes a recognition by Plaintiff that her attorney is entitled to 25% of her past-due benefits. (Doc. 22, Exhibit A).

1

Second, there is no indication that Plaintiff's attorney was responsible for delays that would increase the amount of past-due benefits, thereby increasing the attorney fees available under Section 406(b).

Third, there exists an inherent risk in social security practice that an attorney will not be paid. Civil actions for Social Security Insurance and Disability Benefits bear a significant risk of loss. "Thus, when a lawyer wins having proceeded on a contingency basis, an attorney fee that might otherwise appear unreasonable is perfectly appropriate." *Bear v. Astrue*, 544 F. Supp. 2d 881, 884 (D. Neb. 2008). Although a fee may seem excessive in a vacuum, the inherent risk of loss, the effective representation of the attorney on Plaintiff's behalf, and the long-term benefits Plaintiff will receive achieves an equilibrium that allows this Court to conclude that the fees are reasonable.

Finally, the Commissioner has no objection to an award of attorney fees under Section 406(b). The Commissioner is in a position to understand the time and skill necessary to litigate these matters. When the Commissioner has no objection to the award of fees, the Court weighs that strongly in favor of awarding fees.

Thus, the Court finds that an award of **$29,049** for attorney fees is reasonable in this case. Because this amount exceeds the award provided under the EAJA, Plaintiff's counsel must refund the EAJA fees, in the amount of **$14,250** to Plaintiff.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the Application for Attorney Fees. Furthermore, Plaintiff's counsel is hereby **ORDERED** to refund $14,250, awarded under the EAJA, to Plaintiff.

**IT IS SO ORDERED.**

DATED: October 1, 2024

                */s/ Douglas Harpool*
                **DOUGLAS HARPOOL**
                **UNITED STATES DISTRICT JUDGE**